

EAMONN R. C. HART | Partner
ehart@brannlaw.com
(207) 440-5349

May 9, 2025

Anastasia Dubrovsky, Esq.
Clerk of Court
United States Court of Appeals for the First Circuit
John Joseph Moakely United States Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

  RE: *United States v. Armani Minier-Tejada, a/k/a Shotz, a/k/a Gustavo*
     No. 24-1176

Dear Clerk Dubrovsky:

  This letter is filed in response to the government's 28(j) filing.

  Appellant does not contest that the evidence cited is sufficient to support the conclusion that Coleman purchased the selector switches with pooled drug money. However, Appellant *does* contest its relevance to the sufficiency issue raised at argument.

  Evidence that Coleman acquired selector switches for "the conspiracy" is relevant to Count Two, which charged conspiracy to possess firearms in furtherance of a drug trafficking offense. For Count Two, the government needed only to show that Appellant willfully entered into an agreement with at least one other person that one member of that group would possess a firearm to further a drug trafficking offense. By contrast, Count III required a showing that Appellant *personally* possessed a firearm in furtherance of a drug trafficking offense, and the machinegun enhancement required showing that the firearm he personally possessed and used to further the drug trafficking offense was a machinegun. The fact that another member of the conspiracy used shared money to acquire such a weapon says nothing about Defendant's purpose in possessing the weapon at a later date.[1]

  A holding that in the context of a conspiracy possession *alone* supports an inference that the possession was "in furtherance" of the offense would create a special rule for conspiracy found

---

[1] Appellant's possession was necessarily later in time to Coleman's acquisition. Coleman testified that he acquired the selector switches, and that he was the one who installed them on the weapons subsequently by learning how to do it on YouTube. JA 1185:11–1186:14.



nowhere in the statute. Congress could have written § 924(c) to specify that possession during a conspiracy automatically satisfies the "in furtherance" element; it also could have written a statute stating that possession during the pendency of a conspiracy is a crime in and of itself. It did neither of those things, however, and instead addressed the interaction between conspiracy and § 924(c) by passing § 924(o), which criminalizes conspiracy to violate § 924(c).

          Very truly yours,
          BRANN & ISAACSON

          Eamonn R. C. Hart
          (CA1#1181162)

ERCH/sbp
Cc: All counsel of record (Via CM/ECF)